UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTWONE D. IRVING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case no. 4:14cv00211 PLC |
| ) | |
| CINDY GRIFFITH and JOSH HAWLEY,[1] ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM AND ORDER**

Petitioner Antwone D. Irving seeks federal habeas relief from a Missouri state court judgment entered after a jury trial. See 28 U.S.C. § 2254. As part of his request for relief, Petitioner asks for discovery and an evidentiary hearing. For the reasons set forth below, the Court denies Petitioner's requests for discovery and an evidentiary hearing, and denies the petition.[2]

**I. Background**

Charges and pretrial proceedings

---

[1] Petitioner is incarcerated at the Potosi Correctional Center ("PCC") where Cindy Griffith is now the warden. The Court will, therefore, substitute Cindy Griffith for Troy Steele, the PCC warden originally named as a Respondent. See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (for a petitioner "currently in custody under a state court judgment," the named respondent is "the state officer who has custody").

The Court also adds Josh Hawley, the Attorney General of the State of Missouri, as a Respondent because the trial court imposed consecutive sentences for the conviction Petitioner is challenging in this proceeding. See Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Courts (if the challenged state court judgment may subject the petitioner to future custody, the named respondents must be "both the officer who has current custody and the attorney general of the state where the judgment was entered").

[2] The parties consent to the exercise of jurisdiction by a United States Magistrate Judge under 28 U.S.C. § 636(c).

The State charged Petitioner by indictment with committing first-degree burglary (Count I) and forcible sodomy involving a minor ("Victim") (Count II).[3] Prior to trial, the trial court scheduled a hearing to determine the admissibility of statements made by the minor victim and her minor brother to their mother, a nurse, a Children's Advocacy Center ("CAC") employee, and two police detectives.[4] After the two-day hearing,[5] the trial court granted the "State's request to allow the statements into evidence with the understanding that the [minor victim] and her brother will testify in person."[6]

Shortly before trial the State filed a superseding indictment charging Petitioner with committing (1) one count of first-degree burglary of an inhabitable structure for the purpose of committing forcible sodomy on a person younger than twelve years old and while a person not participating in the crime was in the structure (Count I); (2) two counts of forcible sodomy for having deviate sexual intercourse with a child less than twelve years old, "by placing his hand on" her vagina (Count II) and "by placing his hand on" her anus (Count IV) by use of forcible compulsion; and (3) two alternative counts of first-degree statutory sodomy for the same conduct alleged in Counts II and IV without the allegation of "use of forcible compulsion" (Counts III and V).[7] Less than a week before trial began, the State filed an information in lieu of indictment

---

[3] Indictment, filed June 11, 2008, Legal File, Resp'ts Ex. C at 9. The Court notes that the Legal File does not have a page 10.

[4] See April 22, 2010 entry on trial court docket sheet, Legal File, Resp'ts Ex. C at 6.

[5] Trial Tr., Resp'ts Ex. A, at 4-36 for the hearing on June 1, 2010 and at 37-65 for the continued hearing on June 24, 2010.

[6] Order, filed June 24, 2010, Legal File, Resp'ts Ex. C at 23-24.

[7] Indictment, filed June 16, 2010, Legal File, Resp'ts Ex. C at 11-13.

charging Petitioner with committing on May 4, 2008, the same five offenses charged in the superseding indictment, plus a sixth count charging Petitioner as a prior and persistent offender.[8]

Finally, on the first day of trial, the State filed an amended information in lieu of indictment deleting reference to "the victim less than twelve years of age" in Count I and substituting "penetrating [Victim]'s anus with his finger" for "placing his hand on" Victim's anus in Counts IV and V.[9] After discussing the amended information with the parties at the start of the second day of trial, the trial court allowed the amendment over Petitioner's objection.[10]

Before submitting the case to the jury, the State *nolle prossed* the alternative first-degree statutory sodomy counts and the remaining counts were re-numbered.[11] The remaining three counts, which were submitted to the jury, were first-degree burglary (Count I), forcible sodomy involving Victim's vagina (Count II), and forcible sodomy involving Petitioner's penetration of Victim's anus with his finger (Count III).[12]

## Trial[13]

The trial court admitted during trial a number of the State's exhibits, including a DVD recording of Victim's interview by a CAC employee, which was played for the jury,[14] and an

---

[8] Information in lieu of indictment, filed June 24, 2010, Legal File, Resp'ts Ex. C at 14-17.

[9] Am. information in lieu of indictment, filed June 28, 2010, Legal File, Resp'ts Ex. C at 19-22.

[10] Trial Tr., Resp'ts Ex. A, at 268-72.

[11] Trial Tr., Resp'ts Ex. A, at 464-66.

[12] Trial Tr., Resp'ts Ex. A, at 464.

[13] Because Petitioner's ground for relief focuses only on the forcible sodomy charge involving penetration of Victim's anus, that offense is the focus of the Court's summary of the trial.

[14] Trial Tr., Resp'ts Ex. A, at 437 and 443. While an accurate transcript was provided to the jury when they watched the DVD, the trial court did not admit the transcript into evidence. Trial Tr., Resp'ts Ex. A, at 441-42. The transcript is available of record. See Resp'ts Ex. D.

anatomical drawing of a female that Victim used during her CAC interview.[15]  The State also presented Victim's testimony[16] and the testimony of several adult witnesses to whom Victim disclosed Petitioner's physical conduct toward Victim within ten days after the incident.[17]

Victim testified that Petitioner walked inside her home without invitation and, while sitting and holding her tight with his legs around her hips, "feeled on [her] hiney" or "on [her] behind" with his hand.[18]  Victim stated she did not remember what Petitioner was doing when he touched her bottom.[19]

Victim's mother testified to statements Victim made in response to her questions as they went to the hospital after the incident.[20]  Specifically, Victim told her mother Petitioner "had touched her" "on her bottom," and "he had stuck his finger up her butt" and then "he smelled it after he touched her."[21]

---

[15] Trial Tr., Resp'ts Ex. A, at 446-47.

[16] Trial Tr., Resp'ts Ex. A, at 286-305.  Victim's brother testified about:  Petitioner coming in the house and asking to use the telephone, later seeing Petitioner in a room with his sister, telling their mother when she returned from work that there was a man in the house, and talking with police and others after the incident.  Trial Tr., Resp'ts Ex. A, at 306-19.

[17] Trial Tr., Resp'ts Ex. A, at 320-459.  Two detectives who responded to Victim's mother's 911 call also testified, but they did not speak with Victim about what Petitioner had physically done to her.  Trial Tr., Resp'ts Ex. A, at 376-96.

[18] Trial Tr., Resp'ts Ex. A, at 294-96.

[19] Trial Tr., Resp'ts Ex. A, at 305.

[20] Trial Tr., Resp'ts Ex. A, at 355-56.

[21] Trial Tr., Resp'ts Ex. A, at 356.

Cara Schuermann, a nurse at the hospital, testified that she spoke with Victim the day of the incident.[22] Schuermann stated that Victim told her Petitioner "touched her in the private area and put his finger in her butt."[23]

Megan Marietta, a CAC forensic interviewer, interviewed Victim, then six years old, and her brother, then seven years old, separately at the CAC approximately ten days after the incident.[24] During her CAC interview, Victim circled the representation of buttocks on the back view of the anatomical drawing of a female and named that area the "behind."[25] According to Marietta, Victim "demonstrated" to Marietta during the interview that Petitioner inserted "two fingers into her private part and into her behind."[26]

Petitioner did not testify and rested without presenting evidence.[27] Petitioner unsuccessfully moved for judgment of acquittal at the close of the State's evidence and at the close of all the evidence.[28]

The trial court instructed the jury on each of the three counts: first-degree burglary (Count I), forcible sodomy involving Victim's vagina (Count II), and forcible sodomy involving

---

[22] Trial Tr., Resp'ts Ex. A, at 400-05.

[23] Trial Tr., Resp'ts Ex. A, at 404.

[24] Trial Tr., Resp'ts Ex. A, at 410, 431, 440, 443.

[25] Trial Tr., Resp'ts Ex. A at 448.

[26] Trial Tr., Resp'ts Ex. A, at 453-55. The transcript of the recording of the CAC interview reveals Victim stated during the interview that Petitioner "digged into [her] pants" and touched "[t]he back and the front" of her body.[26] In particular, Victim said Petitioner touched her "behind with his hand," and Victim showed Marietta that "he put [two of] his fingers in the hole." Tr. of Victim's May 13, 2008, interview at the CAC, Resp'ts Ex. D, Ex 16 at 23; Trial Tr., Resp'ts Ex. A, at 453.

[27] Trial Tr., Resp'ts Ex. A, at 453-55.

[28] Trial Tr., Resp'ts Ex. A, at 476-78; Pet'r mots. for judgment of acquittal at the close of the State's evidence and the close of all the evidence, Legal File, Resp'ts Ex. C at 25 and 26.

5

Victim's anus (Count III), and provided lesser included offense instructions for each count.[29] In relevant part, the instruction for the forcible sodomy offense charged in Count III required the jury to find, beyond a reasonable doubt, that Petitioner "penetrated [Victim]'s anus with his finger" and the conduct constituted "deviate sexual intercourse," which the instruction defined.[30] The jury found Petitioner guilty of first-degree burglary and both forcible sodomy offenses.[31]

Petitioner filed a motion for acquittal or, in the alternative, for a new trial ("motion for new trial").[32] Before sentencing Petitioner, the trial court denied Petitioner's motion for new trial, including his request for an evidentiary hearing.[33] The trial court imposed a five-year term of imprisonment for the first-degree burglary conviction to run consecutive to the concurrent life without the possibility of parole sentence imposed for each of the two forcible sodomy convictions.[34]

## Direct Appeal

In his timely direct appeal, Petitioner presented two points.[35] First, Petitioner argued the trial court violated his right to due process under the Fourteenth Amendment by allowing during trial and over Petitioner's objection, a change in one of the forcible sodomy charges through the amendment of the information to charge penetration, rather than contact, with Victim's anus.[36]

---

[29] Instructions, Legal File, Resp'ts Ex. C at 27-41.

[30] Instructions, Legal File, Resp'ts Ex. C at 37.

[31] Verdicts, Legal File, Resp'ts Ex. C at 44-46.

[32] Pet'r Mot. New Trial, Legal File, Resp'ts Ex. C at 47-48.

[33] Trial Tr., Resp'ts Ex. A, at 518-19.

[34] Trial Tr., Resp'ts Ex. A, at 525, 527; Sentence and J., Legal File, Resp'ts Ex. C. at 49-51.

[35] Pet'r Br., Resp'ts Ex. E, at 9, 10.

[36] Pet'r Br., Resp'ts Ex. E, at 9.

In his second point, Petitioner contended the trial court violated his Fourteenth Amendment right to due process by sentencing Petitioner to life without the possibility of parole, rather than life without parole for thirty years, for each of the forcible sodomy offenses.[37] The Missouri Court of Appeals affirmed the judgment.[38]

Post-Conviction Motion Proceeding

Following his direct appeal, Petitioner timely filed a *pro se* motion for post-conviction relief ("PCR motion") presenting five claims of ineffective assistance of trial counsel, one claim of trial court error, two claims that his counsel on direct appeal provided ineffective assistance, and one claim that cumulatively all the alleged errors violated Petitioner's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.[39] Through appointed counsel, Petitioner filed an amended PCR motion, including a request for an evidentiary hearing.[40] In his amended PCR motion, Petitioner set forth one claim, that his attorney on direct appeal provided ineffective assistance of counsel in violation of the Sixth Amendment and violated Petitioner's Fourteenth Amendment right to due process and a fair trial by not pursuing on appeal an argument that "the state did not establish beyond a reasonable doubt that [Petitioner]'s finger penetrated [Victim's] anus."[41] The motion court denied Petitioner's request

---

[37] Pet'r Br., Resp'ts Ex. E, at 10.

[38] State v. Irving, No. ED95315, Ord. and Mem. Supplementing Order Affirming J. Pursuant to Rule 30.25(b) (Mo. Ct. App. filed Aug. 30, 2011) (per curiam), Resp'ts Ex. H.

[39] Pet'r PCR Mot., filed December 2, 2011, PCR Legal File, Resp'ts Ex. I at 3-11.

[40] Pet'r Am. PCR Mot., filed Apr. 3, 2012, PCR Legal File, Resp'ts Ex. I at 15-28.

[41] Pet'r Am. PCR Mot., filed Apr. 3, 2012, PCR Legal File, Resp'ts Ex. I at 17-20.

7

for an evidentiary hearing[42] and concluded Petitioner was not entitled to post-conviction relief.[43]

## Post-Conviction Appeal

Petitioner presented one point in his timely post-conviction appeal.[44] In affirming the motion court's judgment, the Missouri Court of Appeals summarized Petitioner's point on appeal:

> [Petitioner] argues the motion court clearly erred in denying his post-conviction motion because he was denied his rights to due process of law, access to the courts, and to effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution . . . in that appellate counsel was ineffective for failing to assert error in the trial court's denial of [Petitioner]'s motions for judgment of acquittal at the close of the State's evidence and at the close of all of the evidence on Count III for forcible sodomy on the basis that the State failed to present evidence establishing that [Petitioner]'s finger penetrated Victim's anus.[45]

(Footnote added.) The Court of Appeals discussed both the required elements of a claim of ineffective assistance of counsel under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) and relevant Missouri cases; and the required statutory elements of forcible sodomy.[46] In analyzing the sufficiency of the evidence, the Court of Appeals viewed the evidence in the light most favorable to the verdict.[47] The Court of Appeals concluded:

---

[42] Order, filed May 11, 2012, PCR Legal File, Resp'ts Ex. I at 29.

[43] Mot. Ct.'s Findings of Fact, Conclusions of Law, Order and J., filed July 10, 2012, PCR Legal File, Resp'ts Ex. I at 30-40.

[44] Pet'r Br., Resp'ts Ex. J, at 10-11. State v. Irving, No. ED95315, Ord. and Mem. Supplementing Order Affirming J. Pursuant to Rule 30.25(b) (Mo. Ct. App. filed Aug. 30, 2011) (per curiam), Resp'ts Ex L.

[45] Irving v. State, No. ED98889, Ord. and Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b) (Mo. Ct. App. filed Apr. 16, 2013) (per curiam), Resp'ts Ex. L, at 3-4.

[46] Irving v. State, No. ED98889, Ord. and Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b) (Mo. Ct. App. filed Apr. 16, 2013) (per curiam), Resp'ts Ex. L, at 4-5.

[47] Irving v. State, No. ED98889, Ord. and Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b) (Mo. Ct. App. filed Apr. 16, 2013) (per curiam), Resp'ts Ex. L, at 5.

> At trial, Victim testified that [Petitioner] "feeled on my hiney and my private parts" with his hand. Victim was six years old at the time of the attack and eight years old at the time of trial. Several witnesses testified Victim had told them that [Petitioner] touched her in, and not on, the anus. [Victim's mother] testified she asked Victim where [Petitioner] had touched her on her bottom and "[Victim] said that he had stuck his finger up her butt." Schuermann . . . testified Victim told her [Petitioner] had "touched her in the private area and put his finger in her butt." Marietta, a [CAC] interviewer, testified Victim demonstrated the incident, indicating [Petitioner] ha[d] placed "two fingers into her private part and into her behind." Marietta testified that Victim demonstrated during the interview that she knew the meaning of "in."
>
> The jury was instructed to find [Petitioner] guilty on Count III if the State had established beyond a reasonable doubt that [Petitioner] had "penetrated [Victim's] anus with his finger." The jury found [Petitioner] guilty of forcible sodomy under Count III.[48]

(Footnote added.)

The Court of Appeals determined that Petitioner failed to demonstrate either prong required to establish the ineffective assistance of counsel because:

> [t]he State presented overwhelming evidence from which a reasonable juror could find that [Petitioner] committed forcible sodomy by penetrating Victim's anus with his finger by the use of forcible compulsion and for the purpose of arousing or gratifying his sexual desire. As such, any challenge to the sufficiency of the evidence on appeal would have been without merit.[49]

(Footnote added.) Therefore, Petitioner's appellate attorney acted as a reasonably competent attorney by raising other issues on direct appeal and, because the sufficiency of the evidence challenge lacked merit, Petitioner failed to demonstrate the result of the proceeding would have been different if the attorney had pursued the issue on direct appeal.[50]

---

[48] Irving v. State, No. ED98889, Ord. and Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b) (Mo. Ct. App. filed Apr. 16, 2013) (per curiam), Resp'ts Ex. L, at 6.

[49] Irving v. State, No. ED98889, Ord. and Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b) (Mo. Ct. App. filed Apr. 16, 2013) (per curiam), Resp'ts Ex. L, at 6.

[50] Irving v. State, No. ED98889, Ord. and Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b) (Mo. Ct. App. filed Apr. 16, 2013) (per curiam), Resp'ts Ex. L, at 6-7.

## II. Petitioner's Ground for Federal Habeas Relief

In his timely federal habeas petition, Petitioner seeks relief based on violations of his Fifth, Sixth, and Fourteenth Amendment rights due to his appellate counsel's ineffective assistance in failing to challenge the sufficiency of the evidence underlying the forcible sodomy conviction in Count III.[51] Specifically, Petitioner argues the State did not establish beyond a reasonable doubt the element of penetration of Victim's anus in that Victim testified Petitioner touched "on her hiney" or "behind," and counsel's failure to raise the issue on appeal prejudiced him.

Respondents counter that other witnesses' testimony provided sufficient evidence of penetration and the appellate attorney's failure to raise a meritless issue on appeal did not prejudice Petitioner and did not constitute ineffective assistance under Strickland.[52] Respondents assert the Court of Appeals' decision that Petitioner's appellate counsel provided effective assistance is a correct and reasonable application of clearly established federal law. Additionally, Respondents contend the Court of Appeals' decision is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## III. Discussion

A. Legal standard

1. Merits of habeas claim

The Court is bound by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2254(d), to exercise "only limited and deferential review of

---

[51] Pet'r Pet'n [ECF No. 1].

[52] Resp'ts Response [ECF No. 8].

underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). A federal court may not grant habeas relief to a state prisoner unless a state court's adjudication of a claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or . . . decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000) ("Taylor"). If a state court's decision is not "contrary to" clearly established law, then the "unreasonableness" standard applies, which is "meant to be difficult to meet, and 'even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'" Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012) (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011)). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Taylor, 529 U.S. at 407-08; see also id. at 413.

The "clearly established Federal law" requirement of habeas review requires the habeas court to consider only United States Supreme Court precedent in force when a state court issues its decision on the merits. Greene v. Fisher, 132 S. Ct. 38, 44-45 (2011) (relying on Cullen v. Pinholster, 563 U.S. 170 (2011)). State courts are not required to cite to Supreme Court cases, "'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Revels v. Sanders, 519 F.3d 734, 739 (8th Cir. 2008)) (quoting Early v. Packer, 537 U.S. 3, 8

11

(2002) (per curiam)). Importantly, in reviewing state court decisions to ascertain whether they either contradict or unreasonably apply clearly established federal law, a federal habeas court "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 563 U.S. at 181-82.

"Finally, a state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1)." Jones v. Luebbers, 359 F.3d 1005, 1011 (8th Cir. 2004). Under the AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct" unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to the factual determinations made by a state court at either the trial or appellate levels, Smulls v. Roper, 535 F.3d 853, 864-65 (8th Cir. 2008) (en banc), and to a state court's implicit findings of fact, Grass v. Reitz, 749 F.3d 738, 743 (8th Cir. 2014). Likewise, federal habeas courts defer to state court credibility determinations, Smulls, 535 F.3d at 864, and to "[a] state court's findings of fact made in the course of deciding" an ineffective assistance of counsel claim, Odem v. Hopkins, 382 F.3d 846, 846 (8th Cir. 2004).

### 2. Merits of ineffective assistance of appellate counsel claim

"[T]he right to counsel [under the United States Constitution] is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970); accord Kimmelman v. Morrison, 477 U.S. 365, 377 (1986). The right to the effective assistance of counsel applies to representation during a direct appeal. Evitts v. Lucey, 496 U.S. 387, 396-97 (1985). Strickland provides the proper standard for evaluating a claim of ineffective assistance of appellate counsel. Smith v. Robbins, 528 U.S. 259, 285 (2000). Strickland requires a federal

habeas petitioner to show that: (1) "counsel's representation fell below an objective standard of reasonableness" ("performance prong") and (2) "the deficient performance prejudiced the defense" ("prejudice prong"). Strickland, 466 U.S. at 687, 688. When considering a claim that appellate counsel provided ineffective assistance, a court need not address both Strickland requirements if it finds one of the requirements is not satisfied. Smith, 528 U.S. at 286 n. 14.

With regard to the performance prong, an appellate attorney has a responsibility "to winnow the available arguments and exercise judgment about which are most likely to succeed on appeal." Gray v. Norman, 739 F.3d 1113, 1118 (8th Cir. 2014); see Jones v. Barnes, 463 U.S. 745, 751-52 (1983). For the prejudice element, a petitioner "must show a reasonable probability that, but for his counsel's unreasonable failure [to raise an issue on appeal], he would have prevailed on his appeal." Smith, 528 U.S. at 285-86. An appellate attorney, therefore, does not provide ineffective assistance by failing to argue an issue that lacks merit. Grubbs v. Delo, 948 F.2d 1459, 1466-67 (8th Cir. 1991); Thompson v. Jones, 870 F.2d 432, 434-355 (8th Cir. 1988).

Importantly, the question "under § 2254(d) is not whether [the federal habeas court] believe[s] the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." Kennedy v. Kemna, 666 F.3d 472, 477 (8th Cir. 2012) (internal quotation marks omitted) (quoting Knowles v. Mirzayance, 556 U.S. 111, 123 (2009)). "Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is . . . difficult." Harrington, 562 U.S. at 105. "The standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (internal citations omitted).

B. Petitioner's ineffective assistance of appellate counsel claim

13

Petitioner alleges his attorney on direct appeal provided ineffective assistance by not raising a challenge to the sufficiency of the evidence supporting the forcible sodomy conviction in Count III arising out of Petitioner's contact with Victim's anus. Petitioner relies on the trial testimony of Victim that Petitioner touched her "on," rather than "in," her "hiney" or "behind" as support for his position there was insufficient evidence he penetrated her anus. Without proof of penetration, Petitioner urges, the conviction would have been reversed on appeal and, therefore, his appellate counsel's failure to pursue the issue on direct appeal prejudiced him and constituted the ineffective assistance of counsel.

Respondents counter that the Court of Appeals correctly and reasonably applied the clearly established federal law applicable to an ineffective assistance of counsel claim pursuant to Strickland and a claim there is insufficient evidence to support a conviction. As to the latter, Respondents assert a sufficiency of the evidence claim requires consideration of all the evidence in the light most favorable to the prosecution to ascertain whether any reasonable fact finder could determine the petitioner is guilty beyond a reasonable doubt based on elements that are a matter of state law. Jackson v. Virginia, 443 U.S. 307, 318-20, 324-26 and 324 n.16 (1979). Additionally, Respondents assert, a habeas court considering a sufficiency of the evidence claim must presume the trier of fact resolved conflicting evidence in favor of the prosecution and defer to that resolution. McDaniel v. Brown, 558 U.S. 120, 133 (2010) (per curiam). Having concluded a challenge based on the insufficiency of the evidence lacked merit, Respondents urge, the Court of Appeals reasonably decided Petitioner's appellate counsel did not provide ineffective assistance.

In Jackson, the United States Supreme Court defined sufficient proof for a criminal conviction "as evidence necessary to convince a trier of fact beyond a reasonable doubt of the

existence of every element of the offense." Jackson, 443 U.S. at 316; see also id. at 324. "[T]he relevant question [for a sufficiency of the evidence claim] is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). As the Supreme Court explained,

> [t]his familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. [Therefore, o]nce a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.

Id. (emphasis in original) (footnote omitted).

In McDaniel, the Supreme Court reiterated that "a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution and must defer to that resolution.'" McDaniel, 558 U.S. at 131, 133 (quoting Jackson, 443 U.S. at 326). When a reviewing court highlights "inconsistencies in the testimony," the Supreme Court concluded, the court has failed to review the evidence in the light most favorable to the prosecution. Id.

The Court of Appeals did not focus on inconsistencies in the testimony in reaching its decision there was sufficient evidence supporting the forcible sodomy offense in Count III. Instead, the Court of Appeals relied on the consistent testimony of Victim's mother, the nurse, and the CAC interviewer regarding statements or demonstrations Victim made to each of them within a short time after the incident. The Court of Appeals' analysis, therefore, demonstrated

15

the Court of Appeals reviewed the evidence in the light most favorable to the prosecution, including deferring to the resolution of conflicts by the trier of fact.

Petitioner's assertion there was insufficient evidence to establish penetration of Victim's anus for the forcible sodomy offense in Count III due to Victim's trial testimony that Petitioner touched her "on," rather than "in," her "hiney" or "behind" does not consider the principles of review set forth in Jackson and McDaniel. Rather, Petitioner focuses on one witness's testimony that conflicts with the verdict, does not address all the evidence admitted at trial, and does not consider the evidence and any conflicts in a light favorable to the prosecution. Without more, Petitioner cannot demonstrate his insufficiency of the evidence claim has merit.

Because the Court of Appeals reasonably decided there was no merit to Petitioner's challenge to the sufficiency of the evidence, the Court of Appeals properly concluded Petitioner failed to establish the prejudice prong of his ineffective assistance of appellate counsel claim. To establish prejudice, Petitioner must demonstrate a reasonable probability that he would have prevailed on appeal if his counsel raised the sufficiency of the evidence challenge. Smith, 528 U.S. at 285-86. Petitioner cannot show he would prevail on appeal if his attorney raised a meritless issue. The Court of Appeals' decision regarding the prejudice prong supports its conclusion Petitioner's appellate counsel did not provide ineffective assistance, without requiring analysis of its decision regarding the performance prong. Smith, 528 U.S. at 286 n. 14.

Under the circumstances, the Court of Appeals' decision upholding the denial of Petitioner's ineffective assistance of appellate counsel claim is a correct and reasonable application of clearly established federal law and is based on a reasonable determination of the facts in light of the relevant evidence. Petitioner's ground for relief is denied.

### IV. Discovery

Petitioner requests discovery, without specifying the discovery he seeks or citing authority for obtaining discovery. Respondents did not address this request.

Unlike other civil litigants, a habeas petitioner is "not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). A habeas court may, however, permit discovery for good cause. Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts. A petitioner demonstrates good cause by presenting "specific allegations" giving the court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908. Petitioner has not shown good cause for any discovery. Therefore, the Court denies Petitioner's request for discovery.

## V. Evidentiary Hearing

Petitioner, without citation to authority or argument in support of his request, also requests an evidentiary hearing. Petitioner states he did not have an evidentiary hearing during his post-conviction motion proceeding. Respondents did not address this request.

The relevant statute, 28 U.S.C. Section 2254(e)(2), bars an evidentiary hearing unless a habeas petitioner was unable to develop the factual basis of his claim in state court despite diligent effort or establishes statutory exceptions to that requirement. See Williams v. Taylor, 529 U.S. 420, 432 (2000) (a petitioner must show diligent effort for not developing his claim in state court). The statutory exceptions do not apply here. Petitioner has not addressed the diligence requirement, and has not established how he could further develop the factual basis of his ineffective assistance of counsel claim. Therefore, Petitioner has not demonstrated entitlement to an evidentiary hearing under Section 2254(e)(2).

Even assuming the Court may consider the granting of an evidentiary hearing in this case, the Court must take into consideration the AEDPA's deferential standards that "control whether to grant habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007). More specifically, "a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Id. at 474. The federal habeas court must also take into account "the deferential standards" under the AEDPA that "control whether to grant habeas relief." Id. A habeas court need not hold an evidentiary hearing "if the record refutes the factual allegations[,] otherwise precludes habeas relief," or allows resolution of the issues by reference to the state court record. Id.

The AEDPA requires the Court to limit its review of the merits of Petitioner's ground for relief to the record that was before the state court adjudicating the claim on its merits. See Cullen, 563 U.S. at 181-82. In addressing the merits of Petitioner's ineffective assistance of counsel claim in Petitioner's post-conviction appeal, the Court of Appeals had before it the trial transcript and the record on appeal for Petitioner's direct appeal, as well as the legal file for Petitioner's post-conviction appeal. That state court record is available to this Court as part of the record in this proceeding. Because the state court record allows resolution of the merits of Petitioner's ineffective assistance of appellate counsel claim, the Court denies Petitioner's request for an evidentiary hearing. See Crawford v. Norris, 363 Fed. Appx. 428 (8th Cir. 2010) (unpublished per curiam opinion) (affirming district court's decision not to hold an evidentiary hearing in a habeas case in which the state post-conviction motion court had not held a hearing).

### VI. Certificate of Appealability

To grant a certificate of appealability for a decision resolving the merits of a federal habeas claim, a petitioner must make a substantial showing of the denial of a federal

constitutional right. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); 28 U.S.C. § 2253(c)(2). A substantial showing is a showing that "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). More specifically, to obtain a certificate of appealability after a district court denies the habeas claims on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 338 (internal quotation marks omitted) (quoting Slack, 529 U.S. at 484). Because Petitioner has not made such a showing, the Court will not issue a certificate of appealability.

## VII. Conclusion

After careful consideration,

**IT IS HEREBY ORDERED** that Cindy Griffith is **SUBSTITUTED** for Troy Steele as a Respondent in this proceeding.

**IT IS FURTHER ORDERED** that Josh Hawley, Attorney General for the State of Missouri, is **ADDED** as a Respondent in this proceeding.

**IT IS FURTHER ORDERED** that Petitioner's requests for discovery and an evidentiary hearing [see ECF No. 1 at 14] are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**.

**IT IS FINALLY ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_/s/ Patricia L. Cohen_
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of October, 2017